UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHARAN Y. BASHAM, <br><br> Plaintiff, <br><br> v. <br><br> UNIFIN, INC., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 1:20-cv-06094 <br><br> DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes SHARAN Y. BASHAM ("Plaintiff"), by and through her the undersigned, complaining as to the conduct of UNIFIN, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant resides within the Northern District of Illinois, conducts business in the Northern District of Illinois, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

### PARTIES

4. Plaintiff is a 69 year old natural "person," as defined by 47 U.S.C. §153(39).

5. Defendant is a self-identified third party debt collector holding itself out as "a debt collection agency that works with both consumer & client."[1] Defendant is a corporation organized under the laws of the state of Illinois with its principal place of business located at 5996 West Touhy Avenue, Suite 2000, Niles, Illinois.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon a purportedly outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

9. The subject debt stems from purportedly past due payments Plaintiff is said to owe in connection with a Regional Finance ("RF") line of credit Plaintiff used for personal purposes.

10. On information and belief, Defendant acquired the collection rights to the subject debt after Plaintiff's purported default with RF and after RF charged off and sold the subject debt to a debt purchaser.

11. On or about September 23, 2020, Defendant sent or caused to be sent to Plaintiff a collection letter seeking collection of the subject debt.

12. This collection letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

---

[1] https://unifininc.com/about

13. The collection letter represents that the "Amount Due" in connection with the subject debt totals $4,916.60.

14. The collection letter further offers various options to go about addressing the subject debt, including two options that offer a reduced balance.

15. In connection with these offers, Defendant's collection letter states that the deadline for accepting such offers was 45 days from September 23, 2020.

16. As such, Plaintiff was led to believe that the offers Defendant were making were time-sensitive, and failure to accept any such offers would result in such offers being unavailable down the line.

17. However, upon information belief, Defendant, a debt collector collecting on behalf of a debt purchaser, would have re-made these offers down the line, given that it was collecting on behalf of an entity who, presumably, purchased the debt for pennies on the dollar and would be willing to accept whatever payment in whatever manner Plaintiff was able to make.

18. Defendant's collection letter therefore misrepresented the time-sensitive nature of the offers, causing Plaintiff to feel concerned and stressed that she would be losing out on these options due to her inability to make payment.

19. Plaintiff was compelled to consider whether she had to use funds, which would otherwise have been necessary to pay her day-to-day expenses, in order to address the subject debt in a prompt manner, causing her undue stress and anxiety, and all because of Defendant's false and deceptive representations.

20. Courts have fashioned safe harbor language which shield debt collectors from liability when making purportedly time-sensitive offers, however, Defendant's collection letter fails to include such language.

21. Confused and concerned by the nature of Defendant's collection letter, Plaintiff spoke with the undersigned regarding her rights, resulting in lost time.

22. Plaintiff has suffered concrete harm as a result of Defendant's conduct, including but not limited to expending time addressing and dealing with Defendant's confusing and misleading conduct, being deprived the ability to intelligently address the subject debt given Defendant's violations of law, undue stress and anxiety due to Defendant's false representations as to the time-sensitive nature of the offers provided, and a violation of her state and federally protected interests to be provided clear and accurate information regarding the debt serving as the basis of Defendant's collection efforts.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

25. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA § 1692e**

27. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

4

28. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A)

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

29. Defendant violated § 1692e, e(2)(A), and e(10) through its false, deceptive, and misleading representations as to the time-sensitive nature of the settlement offers in its collection letter. As discussed above, the September 23rd letter was written and formatted to convey that the settlement offers were time-sensitive in nature through its explicit statement that the settlement option was available for a limited time. However, given the circumstances surrounding the subject debt, this representation was false, deceptive, and misleading, as Defendant would have, upon information and belief, made these offers, or even better offers, after the illusory deadline would have passed. Defendant could have provided "safe harbor" language to make its representations more clear, however, Defendant chose not to use such language in a deceptive and misleading effort to compel Plaintiff's prompt payment on the subject debt, notwithstanding the false, deceptive, and misleading nature of the representations compelling such action.

WHEREFORE, Plaintiff, SHARAN Y. BASHAM, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 13, 2020              Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim | s/Eric D. Coleman |
| Nathan C. Volheim, Esq. #6302103 | Eric D. Coleman, Esq. #6326734 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (331) 307-7648 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | ecoleman@sulaimanlaw.com |

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com